**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 5:17-CR-240** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **vs.** | ) | **OPINION AND ORDER** |
| | ) | |
| **SHUANG "LUCIA" LIU, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

On June 21, 2017, the Grand Jury indicted James Pearl, Doreen Pearl, and Shuang "Lucia" Liu (aka "Gloria") on violations of 18 U.S.C. § 371 (Conspiracy to Defraud the United States of America), 18 U.S.C. §§ 542 and 2 (Entry of Goods by Means of False Statements), and 18 U.S.C. §§ 545 and 2 (Smuggling Goods into the United States). Doc #: 6. On November 15, 2017, Liu filed two motions to dismiss the indictment: Motion to Dismiss Based on Improper Hub-and-Spoke Conspiracy and Related Deficiencies, Doc #: 31, and Motion to Dismiss for Lack of Jurisdiction, Doc #: 32. The Government filed its Omnibus Response on December 1, 2017. Doc #: 33. Liu filed her Replies on December 11, 2017. Doc #: 34. The Court held a teleconference to discuss the motions with counsel for all parties on December 12, 2017. At the

conclusion of the teleconference, the Court directed the Government to file a Surreply to Liu's Hub-and-Spoke Motion to Dismiss. The Government filed its Surreply on December 13, 2017. For the reasons stated below, the Court **DENIES** Liu's motions.

## I. Hub-and-Spoke Motion to Dismiss

The Indictment alleges that Liu and the Pearls "submitted and caused to be submitted fraudulent, false, and altered invoices to [U.S. Customs and Border Protection] to lower the taxable duty paid by [the Pearls' company] Pro-Trac on tire shipments from [Liu's employer] Au Shine to Pro-Trac." Indictment ¶ 30. The Indictment summarizes approximately 150 transactions as part of the conspiracy between Liu and the Pearls to submit these false invoices. Id. at ¶ 79. However, Liu argues that many of the listed transactions pertain to sales transactions performed between Pro-Trac and Liu's competitors. Mot. 5. Liu alleges that she had no involvement in these transactions. *Id.* During the December 12, 2017 teleconference, the Government admitted that while most of the transactions listed in the Indictment involved Liu's conduct, some of them did not and instead involved conduct by Liu's competitors. Thus, the Court directed the Government to dismiss any counts as to Liu that did not involve her conduct. Per the Court's request, the Government agrees to review and identify all transactions that were not related to Liu's conduct. Surreply 2. Once this review is complete, the Government agrees to provide the Court with a complete list of the counts against Liu it intends to dismiss. *Id.* Accordingly, the Court denies as moot Liu's Motion to Dismiss Based on Improper Hub-and-Spoke Conspiracy and Related Deficiencies.

## II. Lack of Jurisdiction Motion to Dismiss

Liu is a Chinese citizen, lives in China, and works for a business located in China. Mot

3. The conduct alleged in the Indictment took place while Liu was in China. *Id.* So, Liu argues that none of the federal statutes under which she was charged apply extraterritorially.

The presumption against extraterritoriality is a canon of statutory interpretation that states: "Absent clearly expressed congressional intent to the contrary, federal laws will be construed to have only domestic application." *RJR Nabisco, Inc. v. European Community*, 136 S.Ct. 2090, 2100 (2016) (citing *Morrison v. National Australia Bank Ltd.*, 561 U.S. 247, 255 (2010)). However, in *United States v. Bowman*, 260 U.S. 94, 98 (1922), the Supreme Court concluded that the presumption against extraterritoriality does not apply to criminal statutes that are "not logically dependent on their locality" but "are enacted because of the right of the government to defend itself against obstruction, or fraud wherever perpetrated, especially if committed by its own citizens, officers, or agents." *See also United States v. Vilar*, 729 F.3d 62, 73 (2d Cir. 2013) ("Statutes prohibiting crimes against the United States government may be applied extraterritorially even in the absence of 'clear evidence' that Congress so intended[.]").

Further, none of the recent Supreme Court decisions on extraterritoriality overruled or explicitly limited *Bowman*. *See RJR Nabisco, Inc. v. European Community*, 136 S.Ct. 2090 (2016); *Kiobel v. Royal Dutch Petroleum Co.*, 569 U.S. 108 (2013); and *Morrison v. National Australia Bank Ltd.*, 561 U.S. 247 (2010). All three of the Supreme Court's recent extraterritoriality cases involved civil suits brought by private parties. *See id.* They did not include allegations of fraud against the United States government. *Id.* Tellingly, all three cases are silent on the application of extraterritoriality in the context of a criminal prosecution.

In this case, all three statutes under which Liu was indicted, 18 U.S.C. §§ 371, 542, and 545 expressly apply to conduct intended to defraud the United States. *See* 18 U.S.C. §§ 371,

542, and 545. The conduct alleged in the Indictment was directed at an agency of the United States, the U.S. Customs and Border Protection ("CBP"). Indictment ¶¶ 29, 82, 86. Liu defrauded the CBP by submitting "fraudulent, false, and altered invoices." *Id.* So, these sections apply regardless of where Liu's conduct occurred. *See United States v. Bowman*, 260 U.S. 94, 98 (1922). Section § 2 applies to all offenses committed against the United States. But the underlying offenses in this case are violations of sections 542 and 545. The extraterritorial reach of an ancillary statute like 18 U.S.C. § 2 is the same as the underlying offense. *See RJR Nabisco, Inc.*, 136 at 2101-03 and *United States v. Ballestas*, 795 F.3d 138, 144-45 (D.C.C. 2015) ("But in the particular context of 'an ancillary offense like aiding and abetting or conspiracy,' we have held that '[g]enerally, the extraterritorial reach of [the] ancillary offense . . . is coterminous with that of the underlying criminal statute.'") (quotation omitted). Thus, all statutes under which Liu was charged apply extraterritorially. Accordingly, the Court **DENIES** Liu's motion.

**IT IS SO ORDERED.**

***/s/ Dan A. Polster Dec. 14, 2017***
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**